UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATIONAL ASSOCIATION OF
OPTOMETRISTS & OPTICIANS;
LENSCRAFTERS, INC; and EYE
CARE CENTERS OF AMERICA, INC.,

       Plaintiffs,

  v.

EDMUND G. BROWN, JR., in his
official capacity as Attorney
General of the State of California;
and CHARLENE ZETTEL, in her official
capacity as Director of the
Department of Consumer Affairs,

       Defendants.

NO. CIV. S-02-1464 LKK/DAD

O R D E R

The parties filed four motions to seal along with their cross-motions for summary judgment, which are resolved in a concurrently issued order. The court tentatively granted these motions, but has not yet decided whether the documents at issue should be permanently sealed. In the context of a dispositive motion, "the district court must base its decision [to seal

1

materials] on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

On August 8, 2003, the court adopted a stipulated sealing order in this case. Dkt. No. 117. This protective order defined the following materials as "Confidential Information," and thus subject to requests to seal: "any Material that constitutes, contains or reveals proprietary, secret, or sensitive personal, financial, business, trade secret, technical, or commercial information which, if publicly disclosed, (a) would tend to cause present or future competitive injury; (b) would constitute an unwarranted invasion or violation of privacy interests; (c) would constitute a violation of an agreement between the designating Person and a third party; (d) would otherwise not be discoverable pursuant to applicable provisions of the Federal Rules of Civil Procedure, and applicable case law thereunder; or (e) information protected by the Information Practices Act (California Civil Code section 1798 et seq.) and California Business and Professions Code section 800." Stipulation and Protective Order Governing Confidentiality of Documents and Information ("Protective Order"), Dkt. No. 117, at 1-2.

Plaintiffs' motions to seal only concern information regarding LensCrafters' revenues and financial data. Plaintiffs contend that the information is not known to LensCrafters' competitors or to the public and is, thus, confidential and

1  proprietary information subject to protection pursuant to the
2  Protective Order. Defendants, however, only filed their
3  documents under seal to comply with the Protective Order. They
4  argue that, "There is no compelling reason that the documents
5  remain under seal 'indefinitely.'" Nonetheless, defendants do
6  not identify under what provisions they requested these
7  documents be sealed.
8      The court is persuaded that compelling reasons support the
9  sealing of LensCrafters' revenue and financial data that are not
10 known to its competitors or to the public. This data constitutes
11 proprietary information. Nonetheless, the documents which the
12 parties request be sealed far exceed the mere recitation of
13 revenue and financial data. This is especially so in the
14 tentatively sealed briefs filed in this case.
15     In order to make public most of the information involved in
16 these dispositive motions, the court intends to order parties to
17 electronically file all tentatively sealed documents redacting
18 any references to or analysis of LensCrafters' revenue and
19 financial data from which the proprietary data could be
20 determined. All publically available data and most analysis
21 should remain. Only the numerical data and any analysis from
22 which a reader could deduce the numerical data shall be
23 redacted. Upon this court's receipt of these redacted filings,
24 the court will decide whether the redaction exceeds the narrow
25 bounds of this request. The parties will be cautioned to
26 narrowly interpret the extent of their redactions as this court

1 | intends to make public as much information as is appropriate
2 | under the circumstances.
3 |     Parties are given fourteen (14) days from the issuance of
4 | this order to file objections to this proposed sealing order. If
5 | no objections are filed, the court will order parties to file
6 | their sealed filings in the manner described above. Parties may
7 | file responses to the other party's objections within seven (7)
8 | days of their receipt of the objections.
9 |     For the foregoing reasons, the court ORDERS that parties
10 | may file objections to this court's proposed sealing order
11 | within fourteen (14) days of the issuance of this order. Parties
12 | may file responses to the other party's objections within seven
13 | (7) days of their receipt of the objections.
14 |     IT IS SO ORDERED.
15 |     DATED: April 28, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4